# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**DEMETRIUS BARBER**                                                                 **PLAINTIFF**

**v.**                                                                 **No. 4:18CV149-JMV**

**DR. JAMES BURKE**
**P. RILEY**
**R. PENNINGTON**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Demetrius Barber, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to provide him with adequate medical care for his broken finger. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On March 29, 2015, while housed at the Wilkinson County Correctional Facility ("WCCF"), Demetrius Barber broke a finger on his right hand. On March 30, 2015, the next day, he visited Dr. James Burke at WCCF. Dr. Burke acknowledged that Barber's finger was broken and ordered x-rays; however, the x-ray technician was out that day, and Dr. Burke sent Barber back to his cell. Mr. Barber filled out a sick call request for an x-ray of his finger and underwent an x-ray on April 3, 2015.

Though Mr. Barber does not know the results of the x-ray, Dr. Burke told him that he would be scheduled to see a specialist.

After Mr. Barber submitted another sick call request, Dr. Burke saw him on April 7, 2015, but stated that he could not find the x-ray. Barber questioned Dr. Burke about the absence of the test results and lack of treatment, to which Burke responded, "Shut the fuck up!" Dr. Burke showed Mr. Barber a drawing of his finger and told Barber that he would not treat him. Dr. Burke did, however, schedule Mr. Barber for a May 13, 2015, appointment with an off-site specialist.

Barber was transported to Natchez on May 13, where a technician took x-rays. Barber was then returned to WCCF. On June 6, 2015, prison staff told him that he could not eat because he was scheduled for surgery the next day. He was transported to the Natchez hospital on June 7, 2015 for surgery, but the receptionist stated that he did not have an appointment that day. He was transported to Natchez for surgery again on the following day (June 8), but the receptionist again stated that he did not have an appointment or any paperwork for surgery that day. Prison staff then transported him to a clinic in Natchez on June 30, 2015, but he still received no treatment for his broken finger.

On June 25, Mr. Barber filed a grievance regarding the lack of treatment for his broken finger, and the response was that he had been seen several times for this problem. Mr. Barber's complaint is that "[He] did eventual[ly] get seen about the broken finger, but that is all [he] got was seen. [He] never got any treatment …." In sum, medical personnel examined Mr. Barber's injury, and he eventually visited an off-site surgeon. However, the only treatment he received was two x-rays and a prescription for ibuprofen. Mr. Barber's injured finger is crooked and does not bend properly – and causes pain on the back of his hand and the surrounding fingers.

## No Claim Against the Medical Defendants

In this case, Drs. Burke and Riley, the medical defendants in the present suit, took appropriate action and referred Mr. Barber to a private specialist for treatment of his broken finger. As such, Mr. Barber has not stated a valid claim under 42 U.S.C. § 1983 against these two defendants.

## Private Specialist Is Not a State Actor

In the present case, it was the private specialist who decided not to perform the surgery or otherwise treat the injury. Relief under 42 U.S.C. § 1983 is only available to preserve a plaintiff's federal constitutional or statutory rights against a defendant acting *under color of state law*. *See* 42 U.S.C. § 1983. Thus, a § 1983 plaintiff may only pursue his civil rights claims against someone who is a state actor. The bone specialist is merely a provider of medical services to the general public; as such, he does not qualify as a state actor under 42 U.S.C. § 1983. *See, Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. 1989). Thus, Mr. Barber's claims against the private doctor should be dismissed for failure to state a claim upon which relief could be granted.

## Private Specialist's Negligent Actions Fail to State a § 1983 Claim

To the extent that Mr. Barber alleges that the private specialist failed to schedule surgery properly, this claim sounds wholly in negligence, which is not a claim under 42 U.S.C. § 1983. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, these allegations must be dismissed for failure to state a claim upon which relief could be granted.

## Dr. Riley, a Supervisor, Is Not Liable for Acts of His Subordinates

Mr. Barber described Dr. Riley as the "head of medical," who supervises the other MDOC doctors. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official

violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, Mr. Barber has not alleged that Dr. Riley participated in his medical care; instead, he alleges that Dr. Riley acted as Dr. Burke's supervisor. As supervisors are not liable under 42 U.S.C. § 1983 for the acts of their subordinates, this allegation must be dismissed for failure to state a claim upon which relief could be granted.

### Defendant R. Pennington Participated Only in the Grievance Process

Finally, Mr. Barber's claims against defendant R. Pennington involve only his participation in the grievance process; however, a § 1983 plaintiff may not proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). Thus, this allegation must also be dismissed for failure to state a claim upon which relief could be granted.

### Conclusion

In sum, for the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 10th day of January, 2019.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE